UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                      CIVIL ACTION NO. 06-20627

        v.                                DISTRICT JUDGE PAUL D. BORMAN

RICKEY LEE MARTIN,             MAGISTRATE JUDGE VIRGINIA M. MORGAN

        Defendant.
_____/

## REPORT AND RECOMMENDATION

Defendant is a federal prisoner sentenced by three judges of this court. In this Motion for Adjustment and/or Correction of Sentence (#28), defendant, proceeding *pro se*, challenged the computation of his sentence by the Bureau of Prisons and sought judicial review. The government responded and defendant filed a supplemental response though counsel (FDO). (#31, 32) Defendant alleges jurisdiction pursuant to 28 U.S.C. §2241. He stated that his release date should be September, 2009. Because that date was fast approaching, the court held a status conference with counsel and which included the Bureau of Prisons personnel by telephone. The court was advised by the government that they would review the issue and submit a full response with an appropriate declaration. The court requested a computation of the defendant's release date which the BOP normally prepares in this kind of case. On or about February 24, 2009, the government essentially restated its initial response but attached a Declaration from Forest B.

Kelly at the BOP. That declaration calculated defendant's current release date as July 13, 2010. (#38, Ex. 1) For the reasons discussed in this Report, it is recommended that the case be dismissed for lack of jurisdiction. If the district judge deems that this court has jurisdiction, it is recommended that the calculations set forth in the Kelly Declaration be adopted and the motion be denied.

    Mr. Martin was a defendant in several cases and is currently serving several sentences for various periods of incarceration. The defendant's applicable history and computation of his sentence is set forth in the Declaration (#38, Ex. 1) Beginning November 14, 2003, defendant was sentenced to 27 months, followed by a two year term of supervised release for being a Felon in Possession of a Firearm by Judge Hood (02-80492) (#38, Attachment 2). On September 9, 2004, defendant was sentenced to six-months followed by two year term of supervised release for Willful Destruction of Government Property by Judge Cleland in 04-CR-80011 (#38, Attachment 3). Defendant was released but then arrested for state firearm violations (new criminal conduct) (#38, Attachment 5, 6) This violated the terms of his supervised release. On December 5, 2006, defendant was sentenced to 24 months in case number 04-CR-80011-1 for Supervised Release Violation. On December 8, 2006, defendant was sentenced to 15 months to be served concurrently in Case No. 02-CR-80492-1. On December 18, 2006, defendant was sentenced to 6 months consecutive to any other undischarged sentence of imprisonment Case No. 04-CR-80011-DT for Criminal Contempt. On September 5, 2007, defendant was sentenced to 33 months in Case No. 06-CR-20627-1. The 33 month sentence was ordered to run concurrently with the undischarged Supervised Release Violation sentences, but consecutive to

the 6 month criminal contempt charge. (See #38, Ex. 1 Par. 19, 21, 22, 23) This was not possible to do directly but the BOP effectuated this judgment by commencing the 33 month term a March 5, 2008, six months after the date of imposition. (See, #38, Ex. 1 par. 27)

Application of the directives of the Sentence Computation Manual results in the finding that the 15 month term for Supervised Release Violation is absorbed in its entirety by the 24 month term. (#38, Ex. 1 par. 24-26) In accordance with the program statement, the BOP aggregated the sentences–15 concurrent with 24, plus 6 consecutive, plus the 33 month term to form a single aggregate term of four years. (#38, Ex. 1, Par. 28) His conduct so far at the institution has resulted in disciplinary sanctions of 95 days of Good Conduct Time (GCT) disallowed. (Par. 30) Thus, assuming no further disciplinary sanctions, defendant Martin's current scheduled release date is July 13, 2010. (Par. 31)

*Analysis*

Generally a defendant challenging his federal conviction or sentence must bring a motion pursuant to 28 U.S.C. §2255. Defendant here does not bring this motion as one under 28 U.S.C. §2255. Prisoners must use a §2241 motion when challenging actions by the Parole Commission or for computation of their sentences as is at issue administering.

Defendant's claim is properly brought under 28 U.S.C. §2241 but not in this jurisdiction. The Bureau of Prisons has responsibility for administering the sentences of federal prisoners. *McClain v. Bureau of Prisons*, 9 F.3d 503, 505 (6th Cir. 1993) and the court has statutory jurisdiction to review such claims for federal prisoners. But, in this case, defendant is confined

in Kentucky. Because the court does not have jurisdiction over defendant's custodian, the action should be dismissed. *United States v. Jalili*, 925 F.2d 889, 893 (6th Cir. 1991).

Although defendant may argue that the case could be transferred, that is not recommended because defendant Martin has not exhausted his administrative remedies. Courts reviewing habeas petitions which challenge administrative decisions have identified several reasons for requiring exhaustion of remedies. These include judicial economy, development of a factual record, and application of its own expertise, and an opportunity for the agency to correct its own errors. *Little v. Hopkins*, 638 F.2d 953 (6th Cir. 1981). The Supreme Court has held that a court may not exercise jurisdiction over the writ of a federal prisoner who complains of events or conditions related to his custody until such time as his administrative remedies have been exhausted. *United States v. Wilson*, 503 U.S. 329, 334-5 (1992). Defendant Martin has filed administrative remedy requests at the institution and regional office levels which were denied. However, he has yet to file an appeal at the Central Office Level.

Thus, because defendant Martin has not exhausted his administrative remedies and the court lacks jurisdiction over his custodian in Kentucky, it is recommended that the case be dismissed.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505, 508 (6th Cir. 1991); *United States v.*

*Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be no more than 20 pages in length unless, by motion and order, the page limit is extended by the court. The response shall address each issue contained within the objections specifically and in the same order raised.

                                      S/Virginia M. Morgan
                                      Virginia M. Morgan
                                      United States Magistrate Judge

Dated: May 6, 2009

---

**PROOF OF SERVICE**

The undersigned certifies that the foregoing document was served upon the parties via the Court's ECF System and/or U. S. Mail on May 6, 2009.

                                      s/J. Johnson
                                      Case Manager to
                                      Magistrate Judge Virginia M. Morgan